Willie, Chief Justice.
This is a suit for the recovery of an interest in one hundred and six acres of the George Gardner survey in Navarro county, and to have the same partitioned. It was brought by the appellant as administrator of the estate of T. B. Stephenson, and John L. Bonner and F. M. Martin were made parties defendant. Is seems that C. M. Winkler, as an attorney at law, had control of two judgments recovered in the district court of Navarro county against'J. E. Loughridge, administrator of W. B. Pillow, one for one thousand one hundred and eighty-three dollars and interest, recovered November 27, 1872, in favor of said John L. Bonner, and the other for nine hundred and twenty dollars and interest, recovered July 31, 1875, in favor of the appellant, as administrator of T. B. Stephenson. On the twenty-second of September, 1877, Loughridge as administrator of Pillow’s estate, with the authority and approval of the probate court in which the estate was pending, conveyed to Winkler in trust for the payment of each of said judgments, three tracts of land, and one land certificate, one of the tracts being the land sought to be partitioned in this suit. The aggregate value'of these tracts as stated in the conveyance, was one thousand six hundred and sixty-three dollars and sixty-six cents, These lands were to be sold by Winkler and the proceeds applied pro rata towards the payment of the two judgments. Only one of these tracts was sold, so far as the record shows. The appellant testifies that he received no part of the proceeds. On July 4, 1879, Winkler conveyed to Bonner two of the tracts, one an undivided interest in six hundred and forty acres, known as the Gardner survey, in Navarro county, and the other, one hundred and sixty-five acres out of one-third of a league granted to G. A. Campbell, lying in Hill county. This conveyance seems never to have been recorded, and appellant did not know of its existence till 1885.
On the twenty-third day of August, 1881, Loughridge, as administrator of Pillow’s estate, under an order of the district court of Navarro county authorizing him so to do, conveyed to the appellant one hundred and sixty-five acres of land out of the Campbell survey for the sum of four hundred and fifty dollars, in full satisfaction of his judgment against Pillow’s estate. The *487 deed recites that there was due from Pillow’s estate on the Lough-ridge judgment about four hundred and fifty dollars, as appeared by the report of said Loughridge, administrator, on file with the papers of said Pillow’s estate. It further recites that Loughridge and Winkler had been required to settle the balance due on said judgment by the conveyance of the one hundred and sixty-five acres of land by Loughridge in full payment and satisfaction of the balance of said judgment. The administrator then conveys the land for this purpose and consideration. The one hundred and sixty-five acres conveyed is stated not to be the same originally deeded to Winkler by the administrator, but the balance of the Campbell. tract left in the estate. This deed was unrecorded, and, it seems, was not known to the appellant for a long time after it was executed, and was never delivered to him. Under this state of case the- appellant prayed to be decreed an interest in the one hundred and six acres of the Gardner tract, for a partition and for general relief. The court rendered judgment for the appellees on the ground 'that the deed last mentioned was taken in full settlement of the balance due on the Stephenson judgment; that it was completely settled and Stephenson estopped from asserting any further claim against the estate of Pillow on the land conveyed to Bonner. On the trial the appellant offered to read in evidence the papers in a suit he brought against Winkler’s administrator to recover an interest in the proceeds of the tract of land by Winkler. The contents of the papers are not shown in the bill of exceptions. The court rejected the evidence.
At the time the last deed was executed, Pillow’s estate owed a balance upon the judgment held against it by the appellant. By the former conveyance in trust to Winkler,.it had made a payment upon the judgment, the amount of which could be easily ascertained. The lands conveyed had been taken at a nominal valuation, and it was only necessary to ascertain the pro rata of this sum that was to go to Stephenson’s judgment in order to find out the amount that should be credited upon it. What was left after deducting this amount, with interest added, was the unpaid balance due upon the judgment at the time specified in the deed. This was evidently what the parties did, as can be seen by making the calculation.
But there was another matter still open for settlement, and that was between Winkler and Stephenson, as to what had been done with the property the former received in trust to be sold *488 and the proceeds applied in part to the payment of Stephenson’s judgment. This was a matter with which Loughridge had nothing to do.
Whether Winkler divided the proceeds of the lands equitably between the judgments, or paid anything at all upon them, did not affect the rights of Pillow’s estate, or make the balance due upon the Stephenson judgment more or less. ¡Nothing that he could say or do in the absence of either of these parties could affect their rights or estop them from asserting them. Had he declared in the deed that the land conveyed was received by Stephenson in full of all his claims against Winkler, it could not have estopped Stephenson unless he accepted a deed with that declaration contained in it. But this deed was not accepted by Stephenson, but by Winkler for him. Of course, Winkler could not, by accepting a deed for Stephenson, estop him in a different matter, in which a controversy was pending between Stephenson and himself. The appellant might have subsequently ratified such an acceptance, but it does not so appear, as the deed was retained in possession of Winkler, no notice of it was given to Stephenson, so far as the record shows, and the deed was never recorded.
But' the deed, as we have seen, did not purport to affect the matters in controversy between the appellant and Winkler, but to settle a claim of Stephenson against the estate of Pillow. Its language is susceptible of no other construction. It was the' balance due from Pillow’s estate to appellant that was satisfied by the conveyance. This balance appeared from the report of Loughridge filed, among the papers of Pillow’s estate in the probate court. What could Loughridge know about the balance due from Winkler to appellant, and what business had he to report to the probate court upon a matter with which Pillow’s estate had no concern? It is, too clear from the very language of the deed, the consideration expressed in it, the causes which brought about its execution, the parties between whom it was executed, and the want of any participation therein by Stephenson, or an acceptance by him of the deed, that it was intended only to settle the balance due from Pillow’s estate to the appellant. We think the court erred in holding him estopped by the ‘‘deed, and this will require a reversal of the judgment. As the cause will be remanded to the court below, we deem it proper to make one or two suggestions for the consideration of the parties before they proceed to a new trial of the cause.
*489 Opinion delivered November 16, 1886.
The appellant claims an interest in the land sought to be partitioned by reason of the deed made by Pillow’s administrator to Winkler. This deed did not convey the lands to Winkler to be by him conveyed to Bonner and Stephenson, or to be held in trust for them, but to be sold and the proceeds applied toward the payment of the respective judgment of these parties. Did this conveyance give the beneficiaries any title whatever in the land? Did they have anything more than a lien upon the lands and a right to demand their sale in satisfaction of their respective debts? If not, we can not see how the appellants can claim any interest in the Gardner survey or demand its partition. His remedy is of a different kind altogether. Had his prayer been for a partition only, we should be disposed to reverse the judgment and dismiss the cause; but there is. also a prayer for general relief, and under this, with appropriate amendments, he may obtain the relief to which the facts of the case entitle him. It would seem, too, that Loughridge, in conveying the lands of Pillow’s estate, acted beyond his powers. Neither the act of 1876, under which the first deed was made, nor the Revised Statutes in force when the last was executed authorized such a conveyance, though sanctioned by the probate court. This may not be of importance in the present suit, as neither the heirs-nor the administrator of Pillow now make complaint.
Some of the matters alluded to must be of importance upon another trial of the case; but we do not feel called upon to decide them in advance, when they have not been noticed in the briefs of counsel. We are not informed by the bill of exceptions what the papers in the case of Stephenson v. Frost, administrator, would have proved, so that we can not tell whether they were pertinent to the present case or not. The mere fact that a suit was brought for an interest in the proceeds of the Church lands proved nothing. So there is nothing in the first assignment of error.
For the errors pointed out the judgment will be reversed and the cause remanded.

Reversed and remanded.